UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv12-FDW

| | |
|---|---|
| ANTHONY JAMAL HUSKEY, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, )<br>)<br>    Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Anthony Jamal Huskey's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

I.     **BACKGROUND**[1]

Petitioner is a prisoner of the State of North Carolina, who, on February 5, 2007, pled guilty in Gaston County Superior Court to second degree murder with aggravating factors, two counts of assault with a deadly weapon with the intent to kill inflicting serious injury ("AWDWIKISl"), and first degree burglary. The trial court consolidated the AWDWIKISI convictions and imposed three consecutive active sentences of 200-249 months for the murder, 100-129 months for AWDWIKISI, and 85-111 months for the burglary.[2]

---

[1] Unless otherwise indicated, the background is taken from the State's response to Petitioner's 2016 petition for writ of certiorari in the North Carolina Court of Appeals. See North Carolina v. Huskey, No. P15-489, 2016 WL 3607207 (N.C. Ct. App. filed June 30, 2016).

[2] Petitioner was convicted of attempted robbery with a dangerous weapon on May 17, 2007. See N.C. Dep't of Pub. Safety Offender Pub. Info., available at http://webapps6.doc.state.nc.us/opi/. He seeks to challenge that conviction and sentence in the instant Petition, presumably because it arose from the same course of conduct as the offenses to which he pled guilty on February 5, 2007. (§ 2254 Pet. 1, 6-7, Doc. No. 1.) Under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Although both the February 2007 and May 2007 judgments were issued by the Gaston County Superior Court, they

1

Petitioner did not file a direct appeal, but on June 4, 2014, he filed a motion for appropriate relief ("MAR") in the Gaston County Superior Court, challenging the judgments entered upon his convictions. On December 2, 2014, Petitioner filed an amended MAR.

On December 19, 2014, the court denied Petitioner's amended MAR on the merits. On June 29, 2015, Petitioner filed a petition for writ of mandamus in the North Carolina Court of Appeals seeking to compel the trial court to rule on his "original" MAR. The petition was dismissed on July 6, 2015, because Petitioner had failed to attach supporting documents. On July 16, 2015, Petitioner filed a second petition for writ of mandamus seeking the same relief. The petition was dismissed as moot on July 31, 2015.

Petitioner filed a petition for writ of certiorari on June 15, 2016, seeking review of the trial court's order denying his amended MAR. According to the instant § 2254 Petition, that certiorari petition was denied by the state appellate court on July 1, 2016. (§ 2254 Pet. 6, Doc. No. 1.)

Petitioner filed the instant federal habeas Petition on December 29, 2016, when he placed it in the prison mail system. (§ 2254 Pet. 14.) He raises claims alleging that: 1) trial counsel rendered ineffective assistance; 2) his indictments for murder, AWDWIKISI, and burglary were duplicitous; 3) he was sentenced to more active time than his codefendants; and 4) he was interrogated "off sight" and not taken to the jail for booking until he confessed. (§ 2254 Pet. 5-8.) Because the Petition appeared to be time-barred under 28 U.S.C. § 2244(d)(1)(A), the Court

---

were issued during different sessions of criminal court. Therefore, for the purposes of Rule 2(e), each judgment was issued by a different court. See generally State v. Boone, 311 S.E.2d 552 (N.C. 1984), superseded by statute on other grounds as stated in State v. Oates, 732 S.E.2d 571 (N.C. 2012). In short, Petitioner may not challenge both his February 2007 and May 2007 judgments in the instant Petition. Therefore, the Court considers only the February 2007 judgments. If he so wishes, Petitioner may file a separate § 2254 petition challenging his May 2007 conviction and sentence.

issued Petitioner notice and provided him an opportunity to explain why his Petition should not be dismissed as untimely. (Doc. No. 5.) Petitioner has responded. (Doc. No. 6.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[3] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in Petitioner's criminal case on February 5, 2007, when he was sentenced. To the extent he retained a right to a direct appeal in the North Carolina Court of

---

[3] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, Petitioner alleges no facts to support a finding that an alternate start date should apply here.

Appeals subsequent to his guilty plea, Petitioner had 14 days to file notice of appeal, see N.C. R. App. P. 4(a)(2), which he did not do.  Therefore, his conviction became final on or about February 19, 2007, when the time for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about February 19, 2008, almost nine years before Petitioner filed his § 2254 Petition.  His MAR and subsequent filings in the state courts did not toll or restart the federal statute of limitations.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period).  Thus, absent equitable tolling, his § 2254 Petition is time-barred under § 2244(d)(1)(A).

Petitioner argues that the statute of limitations should be equitably tolled for two reasons.  First, he attributes his initial delay in filing his § 2254 Petition to trial counsel, who, Petitioner alleges, did not advise him of his right to appeal or warn him about the federal habeas statute of limitations.  (Pet'r's Resp. 1, Doc. No. 6.)  He also alleges that,

> [c]ounsel led him to believe that serving ten years before filing any motions or petitions seeking post-conviction relief would be wise . . . , because if there were any liens placed upon any property of value that he might possess, due to the 2nd Degree Murder conviction then those debts would then be paid in full, and . . . the lengthy time already served by then would be taken into great consideration by the courts.

(Pet'r's Resp. 1-2.)

Next, Petitioner asserts that once he decided to ignore counsel's advice about waiting ten years to file any post-conviction motions for relief, he has diligently sought such relief in the state courts, by all available means.  (Pet'r's Resp. 2.)  Again, however, he was unaware that the federal statute of limitations is tolled under § 2244(d)(2) only through the North Carolina Court of Appeals' adjudication of a post-MAR petition for writ of certiorari.  (Pet'r's Resp. 2.)

4

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Thus, a petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Generally, attorney ineffectiveness does not constitute an extraordinary circumstance beyond the party's control that would justify equitable tolling. See e.g. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Harris, 209 F. 3d at 331 ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."). Moreover, even if Petitioner's trial attorney failed him in all the ways described, Petitioner must demonstrate how those failures prevented him from timely filing a § 2254 petition. See id. While he may not have discussed Petitioner's limited appeal rights, counsel, by Petitioner's own admission, discussed other post-conviction avenues for relief. (Pet'r's Resp. 1-2.) Nothing

5

required Petitioner to follow counsel's bizarre-sounding advice about *when* to seek post-conviction relief. Petitioner was facing at least 32 years in prison. Only he could decide whether payment of liens on his property was worth a ten-year delay in trying to get his convictions and/or sentences overturned. Not only does counsel's alleged ineffectiveness fail to qualify as an extraordinary circumstance under equitable tolling principals, Petitioner has not demonstrated a causal connection between that ineffectiveness and the lateness of his habeas Petition.

Petitioner's remaining argument for equitable tolling is his own ignorance of the law. "[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).

## IV.     CONCLUSION

The habeas Petition is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 31, 2018

Frank D. Whitney
Chief United States District Judge